UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ROLANDO JACK,                          No. C 12-02459 DMR

        Plaintiff(s),                               **ORDER**

    v.

LORETTA JACK,

        Defendant(s).
_____/

    The court is in receipt of Plaintiff's letter of August 16, 2012. [Docket No. 20.] The court recognizes that Defendant has appeared by letter and thereby consented to the Court's exercise of personal jurisdiction over her. However, because Defendant is proceeding *pro se* and from her own statements has indicated that she learned of this action from a non-party and remains ignorant of the nature of the suit filed against her, [*see* Docket No. 17], the court ordered Plaintiff to serve her with a copy of the complaint and other documents filed to date, [Docket No. 19]. That Defendant filed the letter, which the court construed as a motion to dismiss,[1] does not affect the validity of the court order. It remains operative and binding upon Plaintiff. *See Colaprico v. Sun Microsys., Inc.*, No.

---

[1] Due to Defendant's *pro se* status, the court must "construe liberally [her] filings and motions." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing *Bias v. Moynihan*, 508 F.3d 1212 (9th Cir.2007)). Defendant does not, as Plaintiff contends, argue the merits of the case in her letter; rather, she makes general, anticipatory arguments that she hopes will convince the court to dismiss the action. Nevertheless, the court used its discretion to treat Defendant's letter and its attached documents as a motion to dismiss.

90-20610 SW, 1994 WL 514029, at *3 (N.D. Cal. Aug. 22, 1994) (citing 18 U.S.C. § 401; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

The court also instructs Plaintiff that he must serve Defendant with filings, past and future, made in this case in accordance with Rule 5 of the Federal Rules of Civil Procedure. To wit, Plaintiff must file a Certificate of Service with the Court attesting to the service of these filings upon Defendant. Fed. R. Civ. P. 5(d); N.D. Cal. Civ. L. R. 5-5. Indicating on a document that it was Cced to Defendant, [*see* Docket Nos. 18, 20], does not comport with this requirement:

> Whenever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or person, unless it is served by ECF, it must bear or have attached to it: (1) An acknowledgment of service by the person served; or (2) Certificate of service stating the date, place and manner of service and the names street address or electronic address of the persons served, certified by the person who made service, pursuant to 28 U.S.C. §1746.

N.D. Cal. Civ. L. R. 5-5(a). The court ORDERS Plaintiff to properly file proofs of service as mandated by this court's previous orders and the Court Rules.

In Plaintiff's August 16, 2012 letter, he also contends that copies of the order which the court ordered Plaintiff to file are available in Defendant's motion to dismiss. The copy of that order in Defendant's submission – the May 9, 2012 Order Denying Petition for Appointment of Probate Conservator of Person and Estate of Raymond Jack, Sr. – is fragmentary. [Docket No. 10 Attach 12.] Plaintiff must comply with the court's order to produce this document, [Docket No. 19].

Upon receipt of this order, Plaintiff shall serve Defendant with a copy and file proof of service with the Court.

IT IS SO ORDERED.

Dated: August 16, 2012



_____
DONNA M. RYU
United States Magistrate Judge

2