United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROLANDO JACK, | No. C 12-02459 DMR |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| LORETTA JACK, | |
| Defendant(s). | |

Plaintiff Joseph Rolando Jack, trustee and beneficiary of the Raymond Jack Living Trust ("the Trust"), brings suit against Defendant Loretta Jack, stating four causes of action: elder abuse, fraud, cancellation of deed, and an action to quiet title. On July 23, 2012, Defendant, proceeding *pro se*, filed a letter requesting that the court dismiss the case. [Docket No. 10.] Because the court must "construe liberally" a *pro se* party's filings, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing *Bias v. Moynihan*, 508 F.3d 1212 (9th Cir. 2007)), the court interpreted Defendant's letter as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion. For the reasons given below, the court grants Defendant's motion to dismiss.

## I. Background

According to Plaintiff, his father, Raymond Jack, is seventy-eight years old and suffers from dementia. (Compl. ¶ 6; *see* Compl. ¶ 17.) Three years ago, Raymond Jack began a romantic relationship with Defendant, a woman thirty years his junior. (Compl. ¶ 10.) Plaintiff asserts that

the advent of this relationship coincided with a marked decrease in Raymond Jack's physical, mental, and social health – a process that Defendant facilitated by preventing family members from contacting Raymond Jack and by indoctrinating him with falsified stories "claiming his relatives flirted with her, are trying to kill him, take his money, and place him in a retirement home." (Compl. ¶¶ 10, 12-14; *see* Compl. ¶¶ 11, 17.) Plaintiff alleges that at some point Defendant stole approximately $30,000.00 from Raymond Jack. (Compl. ¶ 15.) Around May 2011, Raymond Jack and Defendant secretly married, and soon thereafter Defendant placed his home, which is property of the Trust, on sale. (Compl. ¶ 16; *see* Compl. ¶ 22.)

To mitigate Defendant's allegedly unlawful attempt to take possession of Raymond Jack's assets, Plaintiff "found Raymond Jack incompetent" pursuant to the Trust.[1] (Compl. ¶ 18.) He also filed a petition for conservatorship over Raymond Jack on April 8, 2011 in the Superior Court of California in San Francisco County, *In re Proposed Conservatorship of the Person & Estate of Raymond Jack, Sr.*, No. PCN-11-294489 (Cal. Super. Ct. filed Apr. 8, 2011). (Compl. ¶ 18.) During the pendency of the state court action, Defendant had the Trust assets devised to her and, on or about October 21, 2011, moved with Raymond Jack to Georgia. (Compl. ¶¶ 19, 21.) On May 9, 2012, the Superior Court denied Plaintiff's petition on the grounds that "[a]ny request to establish a conservatorship is properly brought in the state where [Raymond] Jack resides." *In re Proposed Conservatorship of the Person & Estate of Raymond Jack, Sr.*, slip op. at 2 (May 9, 2012). Plaintiff's appeal of this decision is pending. Meanwhile, Defendant continues to attempt to sell Raymond Jack's home. (Compl. ¶ 22.)

As a beneficiary and trustee of the Trust, Plaintiff filed suit in this Court on May 15, 2012, stating claims for financial abuse of an elder, fraud, cancellation of deed, and to quiet title. Defendant now moves to dismiss the case. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c), [Docket Nos. 8-9, 13], and the court may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. Legal Standard

---

[1] During the motion hearing, Plaintiff told the court that the trust agreement for Raymond Jack's trust permits the trustee to summarily declare him incompetent.

2

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)), *overruled*

### III. Discussion

**A. Financial Abuse of an Elder**

To state a claim for elder abuse under California law, a plaintiff must allege that the defendant "(1) subjected an elder to statutorily-defined physical abuse, neglect, or financial abuse" and "(2) acted with recklessness, malice, oppression, or fraud in the commission of the abuse." *Von Mangolt Hills v. Intensive Air, Inc.*, No. 06-3300 JSW, 2007 WL 521222, at *2 (N.D. Cal. Feb. 15, 2007) (citing Cal. Welf. & Inst. Code § 15610.30) (citations omitted). Within the context of financial elder abuse, the plaintiff must narrow these allegations to claim, *inter alia*, that the defendant, who knew or should have known that his conduct "is likely to be harmful to the elder," deprived the elder of a "property right . . . , regardless of whether the property is held directly or by a

representative[2] of the elder," for a wrongful use and/or intent to defraud or by undue influence.[3] Cal. Welf. & Inst. Code § 15610.30(a)-(c).

Plaintiff states his claim, in relevant part, as follows:

> 25. Defendant Loretta Jack at all relevant times was entrusted with the care and/or custody of Raymond Jack.
> 26. Without Plaintiff or Raymond Jack's knowledge or consent, stole [sic] approximately $30,000.00 from Raymond Jack.
> 27. Defendant Loretta Jack married Raymond Jack for the sole purpose of defrauding him and knew he was susceptible to fraud and undue influence given his age and mental incapacity.
> 28. Approximately March 2011 [sic], after Defendant Loretta Jack secretly married Raymond Jack, she placed 1237 Shafter Avenue in San Francisco on the market for sale in order to steal this money from Raymond Jack, who a [sic] man 30 years older than Defendant. Defendant Loretta Jack attempts to impair or defeat Plaintiff's interest in said real property.
> 29. Defendant Loretta Jack took, secreted, appropriated, and retained the property of Raymond Jack, an elder, to a [sic] wrongful use within the meaning of Welfare and Institutions Code section 15610.30. Defendant engaged in such conduct either directly, or assisted in such conduct.
> 30. In engaging in such conduct, defendant intended to defraud plaintiff within the meaning of Welfare and Institutions Code section 15610.30.
> 31. As a direct and proximate cause of defendant's wrongful conduct, plaintiff has been deprived of his property, has sustained related damages of loss of income of money, has incurred attorney fees and costs, and will incur additional expenses for the review and correction of his estate plan which defendant improperly altered.

(Compl. ¶¶ 25-31.)

Plaintiff has not shown that he standing to bring this claim. He purports to bring this suit as an "interested person" under California Welfare and Institutions Code § 15657.63 and Probate Code § 48. (Compl. ¶ 23.) These statutes, however, concern actions for elder abuse after an elder's death. In this case, though, the elder at issue, Raymond Jack, is alive. Plaintiff has cited to no statutes, case law, or anything else that demonstrates how Plaintiff may bring this claim on Raymond Jack's

---

[2] The statute defines a "representative" as "[a] conservator, trustee, or other representative of the estate of [the] elder" or "[a]n attorney-in-fact of [the] elder . . . who acts within the authority of the power of attorney." Cal. Welf. & Inst. Code § 15610.30(d).

[3] California Civil Code § 1575 defines undue influence as:
1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him;
2. In taking an unfair advantage of another's weakness of mind; or,
3. In taking a grossly oppressive and unfair advantage of another's necessities or distress.
Cal. Civ. Code § 1575.

behalf.[4] Assuming *arguendo* that Plaintiff has standing, this claim nevertheless has a fundamental defect in that it alleges that Plaintiff, rather than Raymond Jack, suffered the harm from Defendant's alleged acts. (Compl. ¶ 31.) A claim for financial elder abuse must seek redress for harm done to Raymond Jack, not Plaintiff. *See In re Vannucci*, No. 11-11890, 2012 WL 293030, at *2 (Bankr. N.D. Cal. Jan. 31, 2012). The court therefore dismisses this claim with leave to amend.

**B. Fraud**

A claim for fraud under California law must allege "(1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage." *Kokopelli Cmty. Workshop Corp. v. Select Portfolio Servicing, Inc.*, No. 10-CV-1605, 2011 WL 719489, at *5 (S.D. Cal. Feb. 22, 2011) (citing *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)). In addition, a plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* (citing *Neilson v. Union Bank of Cali., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003)). That subsection states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Stated differently, the allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" *Kokopelli Cmty. Workshop Corp.*, 2011 WL 719489, at *5 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Plaintiff's claim, in relevant part, states:

> 35. The representations which defendant made to plaintiff regarding the possibility and likelihood that Raymond Jack, as a result of his age, illness, and medical treatment, would lose his home, money and freedom to his children and siblings and that in order to protect him, Raymond Jack should marry her and devise all his assets to her. [sic] Defendant's statements were false and misleading, and designed to induce and unduly influence Raymond Jack.
> 36. The false and misleading statements of defendant were material to Raymond Jack to his detriment and caused him to change his estate planning documents *thereby defeating the interests of Plaintiff Joseph Rolando Jack and the other beneficiaries of the Raymond Jack Living Trust*.

---

[4] During the hearing, Plaintiff cited to *Lickter v. Lickter* for the proposition that Plaintiff has standing. However, that case expressly deals with who has standing to bring an elder abuse claim after the elder has died. 189 Cal. App. 4th 712 (2010).

> 37. Defendant knew that these statements were false and misleading and that Raymond Jack would rely upon them to his detriment and defendant thereby intended to defraud Raymond jack.
> 38. As a direct and proximate result of defendant's wrongful conduct, plaintiff suffered damages as alleged herein.

(Compl. ¶¶ 35-38 (emphasis added).)

These allegations specifically seek redress for Plaintiff as a trust beneficiary. However, he does not have standing in this capacity to seek redress for harms suffered by the Trust, (*see* Compl. ¶¶ 36-38).[5] *In re Estate of Bowles*, 169 Cal. App. 4th 684, 691 (2008) (citations omitted). The court therefore dismisses Plaintiff's claim in his capacity as a trust beneficiary with prejudice.[6]

**C. Cancellation of Deed**

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. When invoking this statute to cancel a deed, a "statement of the facts constituting a deed's invalidity constitutes a sufficient allegation of a cause of action." *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (1945) (citing *Hart v. Church*, 126 Cal. 471, 475 (1899)).

Plaintiff's claim states, in relevant part:

> 40. In April 2011, after the trustee rendered Raymond Jack mentally incapacitated as Defendant Loretta Jack changed the Raymond Jack Living Trust which made her to [sic] sole beneficiary and added her name to the title of 1237 Shafter Avenue in San Francisco, California. [sic] Defendant has no ownership interest in the subject property and it never has existed because of Raymond Jack's lack of capacity. Said Deed is void and should be declared void. WHEREFORE, Plaintiff prays judgment against Defendant, and each of them, as hereinafter set forth.

(Compl. ¶ 40.)

---

[5] Even if Plaintiff could establish that he has standing to bring a fraud claim on behalf of Raymond Jack, Plaintiff does not allege that Raymond Jack justifiably relied on Defendant's representations, as is required to bring this cause of action.

[6] Plaintiff's counsel appears to repeatedly conflate Plaintiff with Raymond Jack, although it generally is difficult to tell in light of the complaint's wording. (*See.e.g.*, Compl. ¶¶ 28, 30-31, 33.) However, this cause of action specifically alleges that the representations "which defendant made to *plaintiff*" induced Raymond Jack to alter his estate planning documents. (Compl. ¶ 35 (emphasis added).) This statement is illogical.

1    Plaintiff claims that Defendant illegitimately "changed the Raymond Jack Living Trust" to
2 make herself "sole beneficiary and added her name to the title" of Raymond Jack's home after
3 Plaintiff unilaterally declared Raymond Jack incompetent.[7]  (Compl. ¶ 40.)  The complaint does not
4 state a theory as to why the current deed is invalid.  The court therefore dismisses this claim with
5 leave to amend.

**D. Quiet Title**

A claim to quiet title must contain the following elements:

(a) A description of the property that is the subject of the action. In the case of tangible personal property, the description shall include its usual location. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
(b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.
(c) The adverse claims to the title of the plaintiff against which a determination is sought.
(d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
(e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Civ. Proc. Code § 761.020; *accord Ford v. Luhman Bros. Bank, FSB*, No. 12-842 CRB, 2012 WL 2343898, at *14 (N.D. Cal. June 20, 2012); *Kokopelli Cmnty. Workshop Corp.*, 2011 WL 719489, at *7.

Plaintiff's cause of action, in relevant part, states:

42. Plaintiff is seeking to quiet title against the claims of Defendant Loretta Jack as the true owner the [sic] subject property commonly known as 1237 Shafter Avenue in San Francisco.  The claims of Defendant are without any right whatsoever and such Defendant has no right, title, estate or lien interest whatsoever in the subject property or any part thereof.
43. Plaintiff seeks to quiet title as of the date of this complaint.

(Compl. ¶ 42-43.)

Plaintiff's cause of action does not contain the legal description of the real property at issue.
It also states neither the title as to which Plaintiff seeks a determination, nor the basis for Plaintiff's

---

[7] This cause of action states that Defendant altered the Trust and the contested deed. However, Plaintiff's other causes of action aver that Defendant compelled Raymond Jack to make these alterations. While Plaintiff may plead in the alternative, the court queries whether these discrepancies are tactical decisions or the product of inartful drafting.

7

title, nor the adverse claims to the title.  The court therefore dismisses this claim with leave to amend.

### IV. Conclusion

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss.  Specifically, the court dismisses Plaintiff's first, third, and fourth claims with leave to amend and dismisses his second claim as a beneficiary of the Raymond Jack Living Trust with prejudice.  Plaintiff shall file his amended complaint no later than October 4, 2012.[8]

IT IS SO ORDERED.

Dated:  September 17, 2012



_____
DONNA M. RYU
United States Magistrate Judge

---

[8] The court also denies Plaintiff's pending motion for leave to amend the complaint. [Docket No. 34.]  In the proposed amended complaint, Plaintiff states five claims.  The first four are identical to those discussed above and suffer the same defects.  The new action for intentional interference with expected inheritance does not contain "sufficient factual matter to state a facially plausible claim to relief" and so would require immediate dismissal.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted)).  The court grants Plaintiff leave to add this claim to his amended complaint.