**United States District Court**
For the Northern District of California

1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7   JOSEPH ROLANDO JACK,                      No. C 12-02459 DMR

8              Plaintiff(s),                  **ORDER DENYING DEFENDANT'S
                                              MOTION TO DISMISS**
9        v.

10  LORETTA JACK,

11             Defendant(s).
                                        /
12

13          On November 5, 2012, the court received a letter dated October 26, 2012 from Defendant

14  Loretta Jack, in which she asserted that Plaintiff had not served upon her court filings dated October

15  4 and October 11, 2012.  [Docket No. 43.]  Defendant consequently moved the court to dismiss

16  Plaintiff's Amended Complaint on this basis.

17          The docket has no record of a filing made on October 4, 2012.  The Amended Complaint,

18  however, was filed on October 11, 2012.  [*See* Docket No. 42.]  The certificate of service attached to

19  the Amended Complaint indicates that Plaintiff served Defendant the Amended Complaint in

20  accordance with Federal Rule of Civil Procedure 5(b)(2)(C) by mailing it to her last known address.

21  The court therefore denies Defendant's motion to dismiss.

22          As it appears that Defendant did not receive  the Amended Complaint, the court attaches a

23  copy to this order for her convenience.

24

25          IT IS SO ORDERED.

26

27  Dated:  November 6, 2012

28                                                  DENIED

                                                    DONNA M. RYU
                                                    United States Magistrate Judge

1   CHAUNÉ WILLIAMS, ESQ., (SBN 243536)
    ATTORNEY AT LAW
2   1300 CLAY STREET, SUITE 600
    OAKLAND, CALIFORNIA 94612
3   TELEPHONE & FAX: (510)225-9300
    CHAUNEWILLIAMS@HOTMAIL.COM
4
    ATTORNEY FOR PLAINTIFF
5   **JOSEPH ROLANDO JACK**

6

7

8               **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CAILIFORNIA- OAKLAND DIVISION**

10

11  JOSEPH ROLANDO JACK, as Trustee and          CASE NO.: 4:12-cv-02459-DMR
    Beneficiary of the Raymond Jack Living Trust,
12
                                                  VERIFIED AMENDED COMPLAINT
13          Plaintiff,
                                                  1. Elder Abuse
14
            Vs.                                   2. Fraud
15
                                                  3. Cancellation of Deed
16  LORETTA JACK (a.k.a. Loretta Thomas, Loretta
    Darden, Loretta Burgess, Loretta Faust, Loretta I.   4. Quiet Title
17  Darden, Loretta Burgess Faust, Loretta F.
    Thomas, Loretta A. Darden, Loretta D. Thomas),  5. Intentional Interference with
18
            Defendant.                                Expected Inheritance
19
20                                                DEMAND FOR JURY TRIAL
21
22
23
24
25
26
27
28

                                    1
                        VERIFIED AMENDED COMPLAINT

**PARTIES**

1.      Plaintiff Joseph Rolando Jack is an individual who resides in the State of California. Plaintiff brings this action on behalf of Raymond Jack ("Elder"), his father and an elderly male. Plaintiff is also trustee and beneficiary of the Raymond Jack Living Trust dated February 8, 2002 ("Trust").

2.      Defendant Loretta Jack, also known as: Loretta Thomas, Loretta Darden, Loretta Burgess, Loretta Faust, Loretta I. Darden, Loretta Burgess Faust, Loretta F. Thomas, Loretta A. Darden, Loretta D. Thomas, etc., is an individual who resides in the State of Georgia.

3.      Plaintiff is informed and believes that other unknown individuals may be liable for the acts mentioned herein and will seek to amend this complaint once their identities are ascertained through the discovery process.

**JURISDICTION**

4.      The parties reside in different states and the amount in controversy, which involves real property situated in San Francisco, California, exceeds $75,000.00; thus, this Court has jurisdiction over the subject matter.

**VENUE**

5.      Venue is proper because the subject real property is situated in the forum and the acts alleged in the complaint took place in San Francisco, California.

**FACTS ALLEGED**

6.      Raymond Jack is a 78 year old male and has dementia.

7.      Raymond Jack and Lillian Jack married when the couple was extremely young.  Seven children, including Plaintiff Joseph Jack, their youngest child, spawned from their marriage of over 40 years until Lillian Jack passed away.

8.      After Lillian Jack's passing, Raymond Jack memorialized he and his late wife's wishes in a trust he created on February 8, 2002 where he left all of his assets to his children to divide equally. The trust appointed his oldest son, Raymond Jack Jr., as the trustee and in the event he was unable to serve, appointed Joseph Rolando Jack the alternate trustee.

9.      Raymond Jack became involved with a neighbor who also was widow soon after his wife's death. They had a beautiful relationship until her untimely death.

10.     Thereafter, Raymond Jack found a companion again. Unfortunately for the third time, he lost another love which rendered him totally distraught, lonely and vulnerable.

11.     Circa three years ago, "Loretta Jack[1]" entered Raymond Jack's life claiming to be a nurse, a woman 30 years his junior. Raymond Jack's life changed.  A man who was once active and vital became fragile.  He no longer was able to drive or engage in other activities that were once a part of his daily regimen.  This alleged nurse, Defendant Loretta Jack began to isolate Raymond Jack.  At one time, family was able to stop by his home and check on Raymond Jack but a gate was erected and padlocked it, preventing his family from even getting to the door.

12.     Family and friends began to notice period of confusion by Raymond Jack.  During some conversations, Raymond Jack was not oriented to time, place or situation. At times, Raymond Jack believed it was 1940 or 1960 when indeed it was 2010.

13.     Defendant Loretta Jack would screen all of Raymond Jack calls by turning on the answering service and prevented him from speaking to his family days and weeks at a time.

14.     Raymond Jack was once extremely close to his older brother, Simon Jack Jr.  They were inseparable and would go for walks daily.  When Defendant Loretta Jack entered Raymond Jack's life, the two brothers stopped talking to each other.

15.     Raymond Jack was a chef for over 40 years.  He would cook for his church.  Since Defendant Loretta Jack has come into his life, he no longer cooks for the church or even attends Sunday services which he did faithfully for over 50 years.

---

[1] "Loretta Jack" has several aliases: Loretta Thomas, Loretta Darden, Loretta Burgess, Loretta Faust, Loretta I. Darden, Loretta Burgess Faust, Loretta F. Thomas, Loretta A. Darden, Loretta D. Thomas, etc.

VERIFIED AMENDED COMPLAINT

16.     Defendant Loretta Jack has prevented Raymond Jack from speaking to his siblings, children and grandchildren whom he once was extremely close to. Defendant Loretta Jack has falsified stories to Raymond Jack claiming his relatives flirted with her, are trying to kill him, take his money and place him in a retirement home.

17.     Raymond Jack reported to some family members that before Defendant Loretta Jack left on what was believed to be a final trip from California to Georgia, she stole approximately $30,000.00 from him.

18.     Despite the theft, Defendant Loretta Jack secretly married Raymond Jack about a year ago. Within 6 months of that marriage, Defendant Loretta Jack placed Raymond Jack's home that he has resided in for over 45 years on the market for sale. Initially, Defendant Loretta Jack listed it for $500K. Then approximately 10 days later, the sale price was cut to $350K. Raymond Jack's home is free and clear of any mortgage.

19.     Raymond Jack's family has witnessed episodes where he drifts into the past and appears to not understand the present. Many of his actions are out of character and Raymond Jack is no longer accessible to his family and friends as he once was.

20.     His youngest son and successor trustee, Plaintiff Joseph Rolando Jack, pursuant to Article IV, Section A of the Trust found Raymond Jack incompetent. In order to gain access to the Trust assets forcibly controlled by Defendant Loretta Jack, Plaintiff filed a petition for conservatorship of his father on April 8, 2011 in the Superior Court of California, San Francisco. After the sheriff made four attempts to serve Raymond Jack and his attorney refused to accept service of the citation, Raymond Jack was finally served with a citation on September 28, 2011.

21.     During the pendency of the conservatorship proceedings, Raymond Jack's attorney stated in open court that he was hired by Defendant Loretta Jack to change Raymond Jack's will and trust. According to his statements, Defendant Loretta Jack changed the Raymond Jack Living Trust dated February 8, 2002 which left all his assets in trust to his children to be divided equally. Defendant Loretta Jack through undue influence and fraud coerced Raymond Jack devise to all his assets to her.

VERIFIED AMENDED COMPLAINT

22.     On or about, Thursday, October 20, 2011, Defendant Loretta Jack was served with a deposition subpoena involving the conservatorship proceedings.

23.     The following day, Defendant Loretta Jack removed Raymond Jack from the State of California to Georgia during the pendency of the conservatorship. Defendant has prevented the Elder from seeing or speaking to his family and refuses to allow him to return to California.

24.     Defendant told Raymond Jack that he is unable to return to his home in California due to actions taken by members of his family.

25.     Defendant Loretta Jack continues to attempt to sale 1237 Shafter Avenue in San Francisco, the residence of Raymond Jack which is also property of the trust for the benefit of all his children.

### Plaintiff's Standing to Bring This Action

26.     Plaintiff brings this action as an "interested person" pursuant to California Welfare and Institutions Code section 15657.3 and Probate Code section 48, as a beneficiary and trustee of the Raymond Jack Living Trust.

27.     Plaintiff also brings this action on behalf of his father, Raymond Jack, an abused and infirmed elder.  As a matter of statutory construction, any doubt as to plaintiff's standing must be resolved in his favor. The Elder Abuse Act (Welf. & Inst. Code, § 15600 et seq.) is designed to encourage private enforcement through civil actions against the abuse and neglect of the elderly. (See, e.g., _Covenant Care, Inc. v. Superior Court_ (2004) 32 Cal.4th 771, 779; _Quiroz v. Seventh Ave. Center_ (2006) 140 Cal.App.4th 1256, 1283 ["the procedural requirement of standing is broadly construed under the Act"].) When the Legislature enacted section 15657.3, it "specified that the Elder Abuse Act was intended to 'enable _interested persons_ to engage attorneys to take up the cause of abused elderly persons and dependent adults.' [Citation.] This statement of legislative intent suggests the Legislature intended a broad definition of standing in the context of elder abuse cases." (_Estate of Lowrie,_ (2004), 118 Cal.App.4th at p. 227.)

28.     Consistent with the fundamental principle of statutory construction which focuses on the intent of the Legislature (see _Page v. Superior Court_ (1995) 31 Cal.App.4th 1206, 1211), "[s]tanding, for the purposes of the Elder Abuse Act, must be analyzed in a manner that induces interested

persons to report elder abuse and to file lawsuits against elder abuse and neglect." (*In re Estate of Lowrie, supra,* 118 Cal.App.4th at p. 230.)

29.     It is true that the express purpose of the Act is to "enable interested persons to engage attorneys to take up the cause of abused elderly persons and dependent adults." (Welf. & Inst. Code, § 15600, subd. (j).) Welfare and Institutions Code section 15600 additionally recognizes the special vulnerability of the elderly and those who are either disabled or for some other reason dependent upon others for their personal or financial care. The Elder Abuse Act also recognizes that such persons are in need of special governmental protection and assistance. ( *Delaney v. Baker* (1999) 20 Cal.4th 23, 33 [82 Cal. Rptr. 2d 610, 971 P.2d 986].) Welfare and Institutions Code section 15600, subdivision (j) explains that article 8.5 of the Elder Abuse Act, commencing with section 15657, was enacted to facilitate and encourage the prosecution of civil actions by or on behalf of abused or neglected elderly or dependent persons.  Thus, death of the victim is not a requirement to bring suit on behalf of an abused elder.

## FIRST CAUSE OF ACTION

### ELDER ABUSE (All Defendants)

30.     Plaintiff refers to and herein incorporates Paragraphs 1 through 29, as though fully set forth herein.

31.     Defendant Loretta Jack at all relevant times was entrusted with the care and/or custody of Raymond Jack.  Defendant subjected Raymond Jack to physical abuse, neglect or financial abuse.

32.     Without Raymond Jack's knowledge or consent, stole approximately $30,000.00 and other personal property from Raymond Jack.

33.     Defendant Loretta Jack married Raymond Jack for the sole purpose of defrauding him and knew he was susceptible to fraud and undue influence given his age and mental incapacity.

34.     Approximately March 2011, after Defendant Loretta Jack secretly married Raymond Jack, she placed 1237 Shafter Avenue in San Francisco on the market for sale in order to steal sale

VERIFIED AMENDED COMPLAINT

proceeds from Raymond Jack, who a man 30 years older than Defendant.  Defendant Loretta Jack attempts to impair or defeat Plaintiff's interest in said real property.

35.     Defendant knew or should have known her conduct would likely cause harm to Raymond Jack.  That conduct indeed deprived Raymond Jack of his right to his money and other property.

36.     Defendant Loretta Jack took, secreted, appropriated, and retained the property Raymond Jack, an elder, to a wrongful use within the meaning of Welfare and Institutions Code section 15610.30.  Defendant engaged in such conduct either directly, or assisted in such conduct.

37.     In engaging in such conduct, defendant intended to defraud Raymond Jack within the meaning of Welfare and Institutions Code section 15610.30.

38.     As a direct and proximate cause of defendant's wrongful conduct, Raymond Jack has been deprived of his property and has sustained related damages of loss of income of money.  Plaintiff has incurred attorney fees and costs, and will incur additional expenses for the review and correction of Raymond Jack's estate plan which defendant improperly altered.

39.     In addition to all other remedies provided by law, plaintiff is entitled to recover reasonable attorney fees and costs for financial abuse pursuant to Welfare and Institutions Code section 15657.5.

40.     Defendant's conduct constituted recklessness, oppression, fraud, and malice in the commission of the financial abuse and Raymond Jack is entitled to recover damages for the sake of example and by way of punishing defendant for financial abuse pursuant to Welfare and Institutions Code section 15657.5 and Civil Code section 3294.

## SECOND CAUSE OF ACTION

### FRAUD (All Defendants)

41.     Plaintiff refers to and herein incorporates Paragraphs 1 through 40, as though fully set forth herein.

VERIFIED AMENDED COMPLAINT

42.     Defendant Loretta Jack made misrepresentations to Raymond Jack known to be false with the intent to defraud Raymond Jack which Raymond Jack justifiably relied upon and resulted in damage to Raymond Jack.

43.     Defendant began in 2010 misrepresenting to Raymond Jack that his children were trying to steal his money; that his brothers were flirting with her; that she could care for him because she was a nurse; that she had been married only once before her marriage to Raymond Jack; and that she was the only person whom he could trust.  Defendant knew these statements to be untrue with the intent to defraud him. Raymond Jack relied upon her statements to the extent of secretly marrying defendant and allowing her complete control over his assets to where she has wrongfully taken them for her personal use.  Defendant's statements were false and misleading, and designed to induce and unduly influence Raymond Jack.

44.     The false and misleading statements of defendant were material to Raymond Jack to his detriment and caused him: (1) to believe he could not live in his home; (2) to be deprived him of his money; and (3) to change his estate planning documents thereby defeating the interests of beneficiaries of the Raymond Jack Living Trust.

45.     Defendant knew that these statements were false and misleading and that Raymond Jack would rely upon them to his detriment and defendant thereby intended to defraud Raymond Jack.

46.     As a direct and proximate result of defendant's wrongful conduct, plaintiff suffered damages as alleged herein.


## THIRD CAUSE OF ACTION

### CANCELLATION OF DEED (All Defendants)

47.     Plaintiff refers to and herein incorporates Paragraphs 1 through 46, as though fully set forth herein.

VERIFIED AMENDED COMPLAINT

48.     In April 2011, after the trustee rendered Raymond Jack mentally and/or physically

incapacitated, Defendant Loretta Jack changed the Raymond Jack Living Trust which made her to

sole beneficiary and changed the deed at 1237 Shafter Avenue in San Francisco, California,

Raymond Jack's home.  Defendant induced Raymond Jack to transfer title to her during the period of

time when Raymond Jack was mentally incapacitated.  If the deed is left outstanding, it may cause

serious injury to Raymond Jack and the beneficiaries of the Trust.

49.  Plaintiff seeks a finding that Defendant has no ownership interest in the subject property and it

never has existed because of Raymond Jack's lack of capacity when title was transferred to

defendant.  Said Deed is void and should be declared void.  WHEREFORE, Plaintiff prays judgment

against Defendant, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### QUIET TITLE (All Defendants)

50.     Plaintiff refers to and herein incorporates Paragraphs 1 through 49, as though fully set forth

herein.

51.     Plaintiff is seeking to quiet title against the claims of Defendant Loretta Jack as the true owner

of the following subject property:

> COMMENCING at a point on the southwesterly line of Shafter Avenue,
>
> distant thereon 200 feet northwesterly from the northwesterly line of
>
> Hayes Street; running thence northwesterly and along said line of Shafter
>
> Avenue 25 feet; thence at a right angle southwesterly 100 feet; thence at a
>
> right angle southwesterly 25 feet; thence at a right angle northwesterly 100
>
> feet to the point of commencement.  BEING part of Lot No. 3 in Block
>
> No. 390, San Francisco Homestead and Railroad, Association.

Commonly known as:

9

VERIFIED AMENDED COMPLAINT

1 1237 Shafter Street, San Francisco, CA

2 APN: 4792-25

3

4

5 52.  The Raymond Jack Living Trust is the true owner based on its recording of the grant deed on

6 February 8, 2002.  The claims of Defendant are without any right whatsoever and such Defendant has

7 no right, title, estate or lien interest whatsoever in the subject property or any part thereof.

8 53.     Plaintiff seeks to quiet title as of the date of this complaint and prays for a determination of

9 the title on behalf of the Trust against Defendant's adverse claims.

10 ## FIFTH CAUSE OF ACTION

11 ## INTENTIONAL INTERFERENACE WITH EXPECTED INHERITANCE (IIEI)

12 ## (All Defendants)

13

14 54.     Plaintiff refers to and herein incorporates Paragraphs 1 through 53, as though fully set forth

15 herein.

16 55.     Plaintiff expected he had an inheritance and was even named as a beneficiary of his father's

17 will and trust.  Due to Defendant Loretta Jack's misrepresentations to Raymond Jack described

18 above and the undue influence she has exercised over Raymond Jack, the bequest or devise would

19 be in effect but for her interference.

20 56.     With full knowledge of Raymond Jack's fragility and mental incapacity, Defendant lied to

21 Raymond Jack regarding his family members and prevented his family access to him by telephone

22

23 and in person so Defendant could exercise control over Raymond Jack to coerce him to devise his

24 assets from his children to her.

25 57.     The defendant had knowledge of the plaintiff's expectancy of the inheritance because she

26 knew of the Trust.  Defendant took deliberate action to interfere with Plaintiff's inheritance.

27

28

58.    The interference was conducted independently by tortious means.  Defendant committed elder abuse, fraud, theft and unduly influenced Raymond Jack to change his beneficiaries through the acts described above.

59.    Plaintiff has suffered damages according to proof as a result of defendant's interference.

### **PRAYER**

WHEREFORE, plaintiff prays for a judgment against defendant as follows:

1.    For general damages according to proof;

2.    For punitive damages according to proof;

3.    For reasonable attorney's fees;

4.    For quiet title to 1237 Shafter Avenue in San Francisco for the Raymond Jack Living Trust;

5.    For interest allowed by law;

6.    For Costs of suit incurred herein; and

7.    For such other and further relief as the court may deem proper.

### **JURY DEMAND**

Plaintiff hereby demands a jury trial.


Dated: October 11, 2012                              _____/s/_____

                                                     CHAUNÉ WILLIAMS, ESQ.
                                                     Attorney for Plaintiff
                                                     JOSEPH ROLANDO JACK

1

## **VERIFICATION**

2

3    Based upon information and belief, I declare under penalty of perjury pursuant to the laws of

4    the State of California that the foregoing is true and correct.

5

6    Dated: October 11, 2012                                        /s/

7                                                          _____

                                                          JOSEPH ROLANDO JACK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Proof of Service**

I, Chauné Williams, declare as follows:

1.    That I am over eighteen (18) years of age; not a party to the within cause; and my

mailing address is: 1300 CLAY STREET, SUITE 600, OAKLAND, CA 94612.

2.    That on this day, I served a true copy of the following:

-    **Verified Amended Complaint**

3.    The above documents were served by:

\_\_\_\_\_          Personal Service.

\_\_\_\_\_          Fax to:

\_\_\_\_\_          Express Overnight Mail.

\_\_\_\_\_          Priority U.S. Mail.

\_\_\_x\_\_          Regular U.S. Mail. (Atlanta, GA)

\_\_\_\_\_          Certified Mail.

4.    The above documents were served upon:

Loretta Jack
1741 W Hancock Avenue
Athens, Georgia 30606

I declare under penalty of perjury under the State of California that the foregoing is

true and correct and that this declaration was executed on the 11th day of October 2012, in

Atlanta, GA.

/s/

_____
Declarant Signature

VERIFIED AMENDED COMPLAINT