UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROLANDO JACK,<br><br>        Plaintiff(s),<br><br>  v.<br><br>LORETTA JACK,<br><br>        Defendant(s).<br>_____/ | No. C-12-02459 DMR<br><br>**ORDER GRANTING REQUEST TO APPEAR BY TELEPHONE AT CASE MANAGEMENT CONFERENCE** |

TO ALL PARTIES AND COUNSEL OF RECORD:

      Good cause appearing, the court GRANTS the request of counsel for Plaintiff for leave to appear by telephone at the Case Management Conference scheduled for **November 28, 2012 at 1:30 p.m.** The court determines that personal attendance is not needed in order to have an effective conference, so long as Plaintiff is represented by lead trial counsel who (1) shall be prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. This order does not give counsel permission to appear telephonically at all subsequent hearings in this case. Counsel must make a specific and timely application to appear telephonically at any hearing, and must demonstrate good cause for permission to make a telephonic appearance.

      The court admonishes Plaintiff's counsel that, pursuant to the court's standing order, "[p]ermission for a party to attend by telephone may be granted, in the Court's discretion, **upon written request made at least two weeks in advance of the hearing** if the Court determines that

good cause exists to excuse personal attendance." [Docket No. 3 Attach. 1 at 3 (emphasis added).] Plaintiff's counsel filed the present motion to appear by telephone the day before the case management conference. [*See* Docket No. 48.] The court's standing order also explicitly states that each represented party must be represented by "lead trial counsel" at case management conferences. [Docket No. 3 Attach. 1 at 2.] Nevertheless, Plaintiff's counsel stated that she would have had an associate appear on her behalf if she had chosen not to appear by telephone. [*See* Docket No. 48.] The court also admonishes Plaintiff's counsel for filing motions as "letters," [*see, e.g.*, Docket Nos. 40, 48], and instructs her to properly file all court filings.

Parties appearing by telephone must follow the protocol set forth in the attached **Notice re Telephonic Appearance Procedures for Magistrate Judge Donna M. Ryu.** Failure to comply with the procedures ordered herein may result in sanctions.

IT IS SO ORDERED.

Dated: November 27, 2012

_____
DONNA M. RYU
United States Magistrate Judge

2

**NOTICE RE TELEPHONIC APPEARANCE PROCEDURES FOR
MAGISTRATE JUDGE DONNA M. RYU
EFFECTIVE APRIL 11, 2012**

I. POLICY GOVERNING TELEPHONIC APPEARANCES

A party representative (or a party if *in pro* se) generally must appear in person for a hearing or case management conference. Permission to attend by telephone may be granted, in the Court's discretion, upon written request made at least one week in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective hearing or conference. The facts establishing good cause must be set forth in the request. All telephonic appearances must be made through **CourtCall**, an independent conference call company, pursuant to the procedures set forth in Section II. If an individual schedules a telephonic appearance and then fails to respond to the call of a matter on calendar, the Court may pass the matter or may treat the failure to respond as a failure to appear. Scheduling simultaneous telephonic appearances in multiple courts does not excuse a failure to appear. Individuals making use of the conference call service are cautioned that they do so at their own risk. Hearings generally will not be rescheduled due to missed connections.

**II. SCHEDULING A TELEPHONIC APPEARANCE.**

If the Court grants a party's request for telephonic appearance, the party shall arrange for the appearance by calling **CourtCall at (866) 582-6878** not later than **3:00 p.m.** the court day prior to the hearing date.

**III. PROCEDURE FOR TELEPHONIC APPEARANCE.**

Court Call will provide counsel with written confirmation of a telephonic appearance, and give counsel a number to call to make the telephonic appearance. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing.

**CourtCall does not place a call to counsel**.

The initial charge per participant for a CourtCall appearance is $30.00 for the first 45 minutes you are connected. For each additional 15 minute increment the charge is $7.00. If you do not timely call and connect with the Court Call operator, you will be billed for the call and the hearing may proceed in your absence.

Telephonic appearances are connected directly with the courtroom's public address system and electronic recording equipment so that a normal record is produced. To ensure the quality of the record, the use of car phones, cellular phones, speakerphones,
public telephone booths, or phones in other public places is prohibited except in the most extreme emergencies. Participants should be able to hear all parties without difficulty or echo.

3

At the time of your hearing, you may initially be in the listening mode in which case you will be able to hear the case before yours just as if you were in the courtroom. After your call is connected to the courtroom, the Judge will call the case, request appearances, and direct the manner in which the hearing proceeds. Each time you speak, you should identify yourself for the record. The court's teleconferencing system allows more than one speaker to be heard, so the Judge can interrupt a speaker to ask a question or redirect the discussion. When the Judge informs the participants that the hearing is completed, you may disconnect and the next case will be called.

Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include dropping a matter from calendar, continuing the hearing, proceeding in the absence of an unavailable participant, a monetary sanction, and/or a permanent prohibition against a person appearing telephonically.

*Court Call Telephone Appearance Procedure*
3/28/2012

4